(No. 79-CC-1095–)

EUGENE D. SCOTT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 28, 1980.*

EUGENE D. SCOTT, *pro se,* for Claimant.

ROE, C. J.

Claimant, an inmate of Joliet Correctional Center, Joliet, Illinois, has brought this action to recover the value of three pastel paintings. Claimant is a professional artist and the three paintings in question allegedly had market value of $345.00.

The record establishes that in November 1978, the Department of Corrections arranged to exhibit in the Daley Center, Chicago, Illinois, art work of residents of various institutions of the Illinois Department of Corrections. Claimant was not interested in exhibiting his work, but at the request of Muriel Runyon, chief of volunteer services, Department of Corrections, and Bruce Burger, also of the Department of Corrections, he agreed to exhibit three pastel paintings. All work exhibited had to be offered for sale and Claimant placed a price of $95.00, $100.00, and $150.00 on his three pieces, totalling $345.00.

Some time between 5:00 p.m., November 6, and 8:30 a.m., November 8, 1978, Claimant's paintings were stolen from the Daley Center.

The Department Report filed by Respondent as Respondent's exhibit 1 states in part:

"Resident Scott was asked if he would like to display some of his art work. Mr. Scott set his own price for each piece. It was assumed at this institution, by the staff, that the state would be responsible ° ° °.

The three pieces were taken from the Daley Center sometime between 5:00 P.M. November 6 and 8:30 A.M. November 8, 1978. Resident was informed of loss and told that Muriel Runyon, Chief of Volunteer Services, Department of Corrections, would attempt to have loss compensated in Springfield. The loss was reported and is on file with the Daley Center Security Department. Muriel Runyon attempted to compensate the loss but was finally told that the Department of Corrections would not accept responsibility for the loss. This was told to the resident with the suggestion he pursue his loss through the Court of Claims. . . .

The total value of the art is $345.00 ° ° °."

It appears in the record that Claimant did not want to exhibit his work in the State exhibit at the Daley Center, but did so only because the representatives of Respondent told him that the quality of his work would enhance the exhibit.

The bailment created was not thus for the sole benefit of the bailor, nor for the sole benefit of the bailee, but for the mutual benefit of both bailor and bailee.

Where the bailment is for mutual benefit, the bailee, in the absence of special contract, is held to the exercise of ordinary care with respect to the subject matter of the bailment. (*Ill. Law and Practice*, vol. 4A, *Bailments*, chapter 2, section 14, page 517).

However, as stated in *Illinois Law and Practice* (vol. 4A, *Bailments*, chapter 3, section 32, page 534), "it is generally the rule that proof of delivery of property in good condition and return by the bailee in a damaged state, or that it was lost or not returned at all, creates a presumption of negligence on the part of the bailee or makes a prima facie case and casts on the bailee the burden of showing that loss or damage occurred without his fault * * *."

Since Respondent did not see fit to go forward with the evidence in an effort to show the circumstances of the theft and to rebut the presumption of its negligence by showing its exercise of appropriate care in protecting Claimant's property, Claimant's prima facie case remains unrebutted on the record.

It is hereby ordered that Claimant be and hereby is awarded the sum of $345.00 (three hundred forty-five dollars and no cents), the market value of the paintings.